Mathew K. Higbee, Esq., SBN 241380
Ryan E. Carreon, Esq., SBN 311668
**HIGBEE & ASSOCIATES**
1504 Brookhollow Dr., Suite 112
Santa Ana, CA 92705
(714) 617-8336
(714) 597-6729 facsimile
mhigbee@higbeeassociates.com
rcarreon@higbeeassociates.com

Attorney for Plaintiff,
JEFFERY R. WERNER,

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JEFFERY R. WERNER,<br><br>                           Plaintiff,<br>v.<br>RED BLUE MEDIA INC.; and DOES 1-10, inclusive,<br><br>                           Defendant. | Case No. 2:20-cv-1024<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br>**(1) COPYRIGHT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

## JURISDICTION AND VENUE

1.      This is a civil action seeking damages and injunction relief for copyright infringement under the Copyright Act of the United States, 17 U.S.C. § 101 *et seq*.

2.      This Court has subject matter jurisdiction over Plaintiff's claims for copyright infringement pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a).

3.      This court has personal jurisdiction over Defendant because Defendant is physically present and has a place of business in the state of California, Defendant's acts of infringement complained of herein occurred in the state of California, Defendant's acts of infringement were directed towards the state of California, and Defendant caused injury to Plaintiff within the state of California.

4.      Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and

1400(a) because Defendant resides and a substantial part of the acts and omissions giving rise to the claims occurred in this judicial district.

## PARTIES

5. Plaintiff Jeffery R. Werner ("Werner") resides in Los Angeles, California and is a professional photographer by trade.

6. Defendant Red Blue Media, Inc. ("Defendant") is a Delaware corporation with a place of business is Los Angeles County.

7. Plaintiff is unaware of the true names and capacities of the Defendants sued herein as DOES 1 through 10, inclusive, and for that reason, sues such Defendants under such fictitious names. Plaintiff is informed and believes and on that basis alleges that such fictitiously named Defendants are responsible in some manner for the occurrences herein alleged, and that Plaintiff's damages as herein alleged were proximately caused by the conduct of said Defendants. Plaintiff will seek to amend the complaint when the names and capacities of such fictitiously named Defendants are ascertained. As alleged herein, "Defendant" shall mean all named Defendants and all fictitiously named Defendants.

## FACTUAL ALLEGATIONS

### *Plaintiff Jeffery R. Werner*

8. Werner has over 35 years experience as a professional photographer. His work has appeared in publications such as *Life, Time, Newsweek, People, Marie Claire, FHM, Smithsonian, Playboy, Maxim, In Touch, Daily Mail, Penthouse,* and many others.

9. Werner is primarily known for his specialty work in capturing video and photographs of dangerous stunts, and is the only photographer inducted into the Stuntworld Hall of Fame. His work has been featured on such television shows as *That's Incredible!, The World's Greatest Stunts, Stuntmasters, Guinness World Record Spectaculars, Ripley's Believe It Or Not,* and *I Dare You.*

10. In addition to his stunt work, Werner is well known for his work with

exotic animals, sideshow eccentricities, and people who have overcome incredible obstacles. The uniqueness of Werner's portfolio has resulted in substantial licensing opportunities for his work, which he relies on to research and fund future shoots.

11. Werner is the president of the editorial syndication agency, Incredible Features, Inc. ("Incredible Features"), through which Werner distributes and syndicates his and other photographer's works.

12. Werner is the author and rights holder to a single photograph of Adam Ramos, owner of FemSkin, a company specializing in the manufacture of custom rubber body suits, and three photographs of 'Robby' a 70-year old retired real estate agent and FemSkin customer who goes by the alter ego 'Sherry' while wearing his custom bodysuit manufactured by FemSkin (collectively the "FemSkin Images"). FemSkin caters to a unique subculture known as 'maskers', or 'rubber dollers,' predominantly comprising of men who dress up in full body suits to make them look like female dolls.

13. Werner registered the FemSkin Images with the United States Copyright Office, registration number VAu 1-165-412.

14. Werner is the author and rights holder to three photographs of Jackie Samuel a professional cuddler who operates a business called "The Snuggery" ("Snuggery Images").

15. Werner registered the Snuggery Images with the United States Copyright Office, registration number VAu 1-119-467.

16. Werner is the author and rights holder to a photograph of Dillie the Deer a fully domesticated deer that shares a house with her owners ("Dillie Image").

17. Werner registered the Dillie Image with the United States Copyright Office, registration number VAu 1-009-693.

18. Werner is the author and rights holder to a photograph of Goatee, a surfing goat. ("Surfing Goat Image").

19. Werner registered the Surfing Goat Image with the United States Copyright Office, registration number VA 1-803-445.

20. Werner is the author and rights holder to four photographs of Sydney Smith, who wears a set of brass rings around her neck in order to deliberately stretch it to look like a giraffe. ("Giraffe Woman Images").

21. Werner registered the Giraffe Woman Images with the United States Copyright Office, registration numbers VAu 1-191-141, VAu 1-253-880, and VAu 1-276-595.

22. The above referenced photographs shall be collectively referred to as the Images. Attached hereto as Exhibit A are true and correct copies of the Images with their respective registration certificates.

### *Defendant Red Blue Media Inc.*

23. Defendant Red Blue Media Inc. is a digital media entertainment company that specializes in social content creation and distribution.

24. Defendant owns and operates the websites www.guff.com and www.memes.com ("Defendant's Websites").

25. On information and belief, Defendant has over 50 million social media follows and has a monthly reach of over 500 million people.

26. Defendant's Websites primarily consist of content colloquially known as known as "clickbait."

27. As the name implies, "clickbait" is generally defined as content whose main purpose is to attract attention and encourage Internet users to click on a link to a particular web page thereby maximizing revenue for the website owner from advertisers who pay for unique visitor impressions. "Clickbait" is generally produced with minimal effort, especially at the expense of quality or accuracy, by relying on misappropriated and unoriginal content coupled with sensationalist headlines.

### Defendant's Infringing Conduct

28. On or about August 2018, Werner discovered a number of unauthorized uses of his Images on Defendant's Websites.

29. Specifically, Werner discovered an article on www.guff.com titled "A Look Inside the Secret World of the Men Who Transform Into Living Latex Dolls" featuring the FemSkin Images. Werner noticed that two of the FemSkin Images in the article contained a watermark "Incredible Features/Barcroft" identifying Werner's company Incredible Features and its authorized European sublicensing agent Barcroft Media. *See* https://bit.ly/2FcshOp.

30. Werner also discovered an archived article on www.memes.com from 2016 titled "Professional Cuddler" featuring one of the Snuggery Images, an article on www.guff.com titled "Meet 20 People Who Will Give You Job Envy" featuring one of the Sunggery Images, and an article on www.guff.com titled "Cuddle Cafes Are Becoming Popular in Japan" featuring one of the Snuggery Images. *See* https://bit.ly/2ObTZPy, https://bit.ly/2UL85K8, and https://bit.ly/2CquQM9.

31. Werner also discovered an article on www.guff.com titled "YOU Don't Belong on a Surfboard!" featuring the Surfing Goat Image. *See* https://bit.ly/2CsbuX1.

32. Werner also discovered an article on www.memes.com titled "These Exotic Pets Will Surprise You" featuring the Dillie Image.

33. Werner also discovered an article on www.guff.com titled "This 'Giraffe Woman' Stretched Her Neck For 5 Years And Now The Rings Are Coming Off" featuring the Giraffe Woman Images. *See* https://bit.ly/2udq4NF.

34. Collectively these will be referred to as the Infringing Articles.

35. True and correct copies of the Infringing Articles are attached hereto as Exhibit B.

36. Prior to discovering these unauthorized uses, Werner was not aware of Defendant nor was he aware of Defendant's Website.

1    37.    After discovering the unauthorized uses of his Images on Defendant's Websites, International Intellectual Property, Inc. (IIPI), an intellectual property licensing agency retained by Werner and Incredible Features to purposes of identifying unauthorized use of Werner's Images, sent multiple cease and desist letters to Defendant's CEO and designated agent Christopher Rosiak.

38.    The first such cease and desist letter was sent to Defendant on August 22, 2019 via priority mail.

39.    Attached hereto as Exhibit C is a true and correct copy of the August 22, 2019 cease and desist letter sent to Defendant.

40.    On August 23, 2018, the cease and desist letter was delivered, with Rosiak having signed for the delivery on behalf of Defendant.

41.    Attached hereto as Exhibit D is a true and correct copy of the proof of delivery provided from the USPS.

42.    IIPI subsequently sent additional cease and desist letters to Defendant.

43.    Despite actual receipt of the cease and desist letters sent by IIPI on behalf of Werner, Defendant did not remove any of the Images from either of Defendant's Websites.

44.    As of the date of this Complaint, the many of the Images still remain displayed on Defendant's Websites.

45.    Attached hereto as Exhibit E are true and correct screenshots of the Images still being displayed on Defendant's Websites.

**FIRST CAUSE OF ACTION**
**COPYRIGHT INFRINGEMENT**
**17 U.S.C. § 101 *et seq.***

46.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

47.    Plaintiff did not consent to, authorize, permit, or allow in any manner the said use of Plaintiff's unique and original Images.

48.    Plaintiff is informed and believes and thereon alleges that the

Defendant willfully infringed upon Plaintiff's copyrighted Images in violation of Title 17 of the U.S. Code, in that it used, published, communicated, benefited through, posted, publicized, and otherwise held out to the public for commercial benefit, the original and unique Images of the Plaintiff without Plaintiff's consent by using them in the Infringing Articles on Defendant's Websites.

49. Plaintiff has no record of Defendant ever purchasing a license.

50. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to any actual damages and disgorgement of profits pursuant to 17 U.S.C. §504(b), or statutory damages in an amount up to $150,000.00 per infringement pursuant to 17 U.S.C. § 504(c).

51. As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C § 505 from Defendant.

52. Plaintiff is also entitled to injunctive relief to prevent or restrain infringement of his copyright pursuant to 17 U.S.C. § 502.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for judgment against Defendant as follows:

1. For a finding that Defendant infringed Plaintiff's copyright interest in the Images by copying and displaying without a license or consent;

2. For an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringement as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant in an amount up to $150,000.00 for each infringement pursuant to 17 U.S.C. § 504(c), whichever is larger;

3. For an order pursuant to 17 U.S.C. § 502(a) enjoining Defendant from any infringing use of any of Plaintiff's works;

4. For costs of litigation and reasonable attorney's fees against Defendant pursuant to 17 U.S.C. § 505;

1. 5. For pre judgment interest as permitted by law; and
2. 6. For any other relief the Court deems just and proper.

Dated: January 31, 2020                    Respectfully submitted,

**/s/ Ryan E. Carreon**
Ryan E. Carreon, Esq.
Cal. Bar No. 311668
**HIGBEE & ASSOCIATES**
1504 Brookhollow Dr., Ste 112
Santa Ana, CA 92705-5418
(714) 617-8336
(714) 597-6559 facsimile
*Counsel for Plaintiff*

## DEMAND FOR JURY TRIAL

Plaintiff, Jeffrey R. Werner hereby demands a jury trial in the above matter.

Dated: January 31, 2020

Respectfully submitted,

**/s/ Ryan E. Carreon**
Ryan E. Carreon, Esq.
Cal. Bar No. 311668
**HIGBEE & ASSOCIATES**
1504 Brookhollow Dr., Ste 112
Santa Ana, CA 92705-5418
(714) 617-8336
(714) 597-6559 facsimile
*Counsel for Plaintiff*